Argued and submitted February 24, ballot title certified as modified
March 19, 1998

Steve DOELL,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General, State of Oregon,
*Respondent.*

(SC S44882)

954 P2d 784

John A. Bennett, of Bullivant, Houser, Bailey, Pendergrass & Hoffman, P.C., Portland, argued the cause and filed the petition for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause and filed the memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham, Kulongoski, Justices.

GILLETTE, J.

.

## GILLETTE, J.

In this proceeding to review the Attorney General's ballot title for a proposed initiative measure, petitioner[1] challenges the legal sufficiency of the caption, the result statements, and the summary portions of that ballot title. For the reasons that follow, we modify the summary portion of the Attorney General's ballot title and, as modified, certify it.

The proposed measure, entitled the "Mandatory Minimum Sentencing Repeal Act of 1998," would eliminate aspects of present law that require mandatory minimum sentences for persons convicted of certain felony crimes. Those aspects were themselves part of a measure adopted by the people in 1994 as Measure 11. The proposed measure further would require that those persons who have been sentenced under the former statutory rules be resentenced.

The Attorney General certified the following ballot title for the proposed measure:

"REPEALS MANDATORY MINIMUM SENTENCES FOR CERTAIN FELONIES, REQUIRES RESENTENCING

"RESULT OF 'YES' VOTE:   'Yes' vote repeals mandatory minimum sentences for certain violent and other felonies, requires resentencing.

"RESULT OF 'NO' VOTE:   'No' vote retains mandatory minimum sentences for certain violent and other felonies, maintains existing sentences.

"SUMMARY:   Laws approved in 1994 as 'Measure 11' (now, ORS 137.700 and 137.707, as amended) require minimum sentences for certain violent felonies, conspiracy and attempt to commit certain felonies, committed after April 1, 1995. Statutes require persons convicted to serve full sentence, with no reduction of imprisonment for post-prison supervision, temporary leave. Statutes require offenders aged 15 to 17 when crime committed to be prosecuted as adults. Measure repeals these statutes, requires persons

---

[1] Petitioner is a person who, pursuant to the provisions of ORS 250.067(1), timely submitted written comments respecting the Attorney General's proposed ballot title for the proposed measure. Petitioner therefore is entitled to maintain the present proceeding. ORS 250.085(2).

sentenced under them to be resentenced under Oregon Criminal Justice Commission sentencing guidelines."

As noted, petitioner challenges the adequacy of the Attorney General's caption and the result statements. We have considered petitioner's arguments, but hold that the caption and the result statements comply substantially with the requirements of ORS 250.035(2)(a), (b) and (c). *See* ORS 250.085(5) (requiring that the caption and result statements in the ballot title conform to that standard). Petitioner's arguments to the contrary, and our reasons for finding those arguments to be unpersuasive, are case-specific. Discussing them further in these pages would not benefit bench, bar, the public, or future challengers to ballot titles.

■ ▪ We turn to the Attorney General's summary. The summary must summarize the measure and its major effect (or effects). ORS 250.035(2)(d). Petitioner makes three arguments concerning the summary. First, he asserts that the public should be informed in some fashion that "the proposed law is more lenient" than the law that it would replace. We disagree that such a statement belongs in the ballot title. Placing the word "lenient," or some similar term or phrase, into the ballot title would involve inserting a value-laden evaluative term into a summary that is supposed to be impartial. ORS 250.035(2)(d); *see, e.g., Hamilton v. Myers,* 326 Or 44, 53-54, 943 P2d 214 (1997) (inappropriate to add words to a ballot title that essentially take sides in the debate over the measure).

■ Petitioner next argues that the Attorney General's summary does not adequately outline what petitioner styles as "the [proposed] measure's multiple effects." Again, we disagree. We hold that, given the restrictions inherent in the 85-word limit placed on the summary by ORS 250.035(2)(d), the Attorney General's summary substantially complies with the requirements of law in this respect. ORS 250.035(2)(d); 250.085(5).

Finally, petitioner argues that the Attorney General's summary contains a factual inaccuracy that must be corrected: The summary incorrectly suggests that, under present law, a person convicted of a pertinent crime must serve the entire sentence when, in fact, the convicted person

is required to serve only the entirety of the specified minimum sentence. The Attorney General concedes his error. It appears that, by twice deleting the word "to" and by substituting the word "existing" for the longer phrase, "Oregon Criminal Justice Commission," in the Attorney General's summary, we can make room to correct the error. Accordingly, we direct that the summary be modified to read as follows:

> SUMMARY: Laws approved in 1994 as "Measure 11" (now, ORS 137.700 and 137.707, as amended) require minimum sentences for certain violent felonies, conspiracy and attempt to commit certain felonies, committed after April 1, 1995. With limited exceptions, statutes require persons convicted serve full minimum sentence, with no reduction of imprisonment for post-prison supervision, temporary leave. Statutes require offenders aged 15 to 17 when crime committed be prosecuted as adults. Measure repeals these statutes, requires persons sentenced under them to be resentenced under existing sentencing guidelines.

In accordance with the foregoing discussion, we certify the following ballot title for the proposed measure to the Secretary of State:

REPEALS MANDATORY MINIMUM SENTENCES FOR CERTAIN FELONIES, REQUIRES RESENTENCING

> RESULT OF "YES" VOTE: "Yes" vote repeals mandatory minimum sentences for certain violent and other felonies, requires resentencing.

> RESULT OF "NO" VOTE: "No" vote retains mandatory minimum sentences for certain violent and other felonies, maintains existing sentences.

> SUMMARY: Laws approved in 1994 as "Measure 11" (now, ORS 137.700 and 137.707, as amended) require minimum sentences for certain violent felonies, conspiracy and attempt to commit certain felonies, committed after April 1, 1995. With limited exceptions, statutes require persons convicted serve full minimum sentence, with no reduction of imprisonment for post-prison supervision, temporary leave. Statutes require offenders aged 15 to 17 when crime committed be prosecuted as adults. Measure repeals these statutes, requires persons sentenced under them to be resentenced under existing sentencing guidelines.

Ballot title certified as modified. This opinion shall become effective in accordance with ORAP 11.30(10).